RECEIVED

MAY 22 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO: 07-60035 |
| VERSUS | JUDGE DOHERTY |
| SHARON SHANEA VALLIER | MAGISTRATE JUDGE HILL |

## RULING AND ORDER

Currently pending before the Court is defendant's "Motion for Reconsideration of Sentencing." [Rec. Doc. 30] In the motion, defense counsel seeks a hearing "to speak of the issue of reconsideration and in the alternative modification of sentence." [Rec. Doc. 30, p.2][1] Counsel has cited no legal authority in support of her position. The government opposes the motion. [Rec. Doc. 31]

This Court is aware of no legal basis for it to reduce or modify defendant's sentence. Federal Rule of Criminal Procedure 35(a) is the only authority, of which this Court is aware, whereby it can modify a sentence after it has been imposed. Rule 35(a) provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The sentence imposed in this matter contains no arithmetical, technical, or other clear error. Additionally, the motion was filed more than one month after the sentence was imposed, and the Court has not been cited to (nor is it aware) of any exception to Rule 35's seven day limitation period

---

[1] After entering a plea of guilty to 18 U.S.C. § 1623 ("False declarations before grand jury or court"), defendant was sentenced on April 18, 2008 to a 5 month term of imprisonment, followed by 3 years of supervised release, with one special condition being that defendant must reside at the City of Faith half-way hours for a period of 7 months during supervised release.

for "correcting" a sentence.[2] As correctly noted by the government, the seven day time period is jurisdictional and may not be extended. *See* U.S. v. Addonizio, 442 U.S. 178, 189 (1979); FED.R.CR.P. 45(b)(2)("The court may not extend the time to take any action under Rule 35, except as stated in that rule." The only extensions provided for in Rule 35 are contained in section (b)("Reducing a sentence for substantial assistance"), which is inapplicable in this matter.)

Due to the foregoing, the Motion for Reconsideration of Sentence [Rec. Doc. 30] is **DENIED**.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 22 day of May, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Of note, prior to November 1, 1987, Rule 35(a) read as follows: "**(a) Correction of Sentence.** The court may correct an illegal sentence <u>at any time</u> and may correct a sentence imposed in an illegal manner within the time herein for the reduction of sentence." (Emphasis by underlining added.) That provision was not retained in the current version of Rule 35. The current version of the rule was amended to allow:

> [T]he sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed . . . .
>
> . . . [It] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.* Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing."

FED. R. CRIM. P. 35 advisory committee's note (emphasis added).